UNITED STATES of America

v.

Anthony BUCHANON, Defendant.

No. 94–CR–203 (FJS).

United States District Court,
N.D. New York.

Dec. 27, 1995.

Thomas J. Maroney, United States Attorney (N.D.N.Y.), Syracuse, NY (Donald Kinsella, Asst. U.S. Atty.), for the U.S.

Lowell R. Siegel, Gaspar M. Castillo, Jr., Albany, NY, for Defendant Buchanon.

## DECISION AND ORDER

SCULLIN, District Judge:

### INTRODUCTION

Defendant moves for an order imposing a sentence below the applicable statutory guidelines, or in the alternative, for a sentencing hearing pursuant to 18 U.S.C. § 3553 and section 5K2.0 of the Federal Sentencing Guidelines. Defendant makes two arguments in support of his motion.

First, Defendant argues that the United States Sentencing Commission did not adequately consider the 100–to–1 ratio between cocaine powder and cocaine base ("crack cocaine") offenses as required by 28 U.S.C. § 994. Second, Defendant argues that the Court should impose the lesser penalty for cocaine powder by operation of the rule of lenity. Defendant argues that the rule of

lenity is applicable in this case because 21 U.S.C. § 841(b)(1)(A)(iii) is ambiguous in that it is predicated upon scientifically meaningless distinctions between cocaine and cocaine base.

## BACKGROUND

Defendant was charged in ten counts of an eleven count indictment with conspiracy, possession with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. §§ 841, 846. He was convicted on all ten counts on April 7, 1995.

Defendant is subject to a mandatory minimum sentence of 10 years for his drug trafficking convictions pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), and faces a mandatory 5 year consecutive sentence for using a firearm in connection with his drug trafficking crimes pursuant to 18 U.S.C. § 924(c)(1).

Defendant's base offense level under the Federal Sentencing Guidelines appears to be 32 after attributing 57 grams of crack cocaine, and 350 grams of powder cocaine to him. Defendant's criminal history appears to place him in Criminal History Category III. Thus, Defendant faces a guideline sentence of 151 to 188 months in prison, plus 60 additional months for his firearm conviction.

## DISCUSSION

### I. Statutory Challenge

█ First, Defendant argues that the Sentencing Commission did not adequately consider the 100–to–1 ratio found in 21 U.S.C. § 841(b)(1)(A)(iii) when formulating the guidelines, and that this constitutes a "mitigating circumstance" supporting a downward

departure from the Federal Sentencing Guidelines pursuant to 18 U.S.C. § 3553(b).

A recent report of the Sentencing Commission contains numerous findings and arguments challenging the underpinnings of the 100–to–1 ratio and strongly recommends that Congress abandon it. UNITED STATES SENTENCING COMM'N, SPECIAL REPORT TO CONGRESS: COCAINE AND FEDERAL SENTENCING POLICY 198 *et seq.* (1995);[1] *see also United States v. Then*, 56 F.3d 464, 467 (2d Cir.1995) (Calabresi, J., concurring) (stating that the Special Report found "scant evidence to support that crack poses a substantially greater threat to drug users or to society generally than does powder cocaine").

However, Congress recently passed, and the President signed, legislation explicitly rejecting the Sentencing Commission's recommendations. *See* Pub.L. No. 104–38, 109 Stat. 334 (1995). In addition, Congress, not the Sentencing Commission, proposed and enacted the 100–to–1 ratio in the 1986 Anti–Drug Abuse Act. The 100–to–1 ratio has been thoroughly considered and debated by both the Sentencing Commission and Congress and remains intact today.

Thus, the Court finds that the Sentencing Commission adequately considered the 100–to–1 ratio for offenses involving cocaine and cocaine base under 21 U.S.C. § 841(b)(1)(A)(iii). The Court will not depart downward from the guideline sentencing range pursuant to 18 U.S.C. § 3553(b).

### II. Rule of Lenity

█ Next, Defendant urges the Court to apply the rule of lenity and impose the lesser penalty for offenses involving cocaine rather than the enhanced penalty for offenses in-

---

1. As an example, the SPECIAL REPORT reveals the wide disparity in sentences between a first time offender who possesses up to 5.0 grams of crack (or any other drug), and an *otherwise* similarly situated defendant possessing merely an additional .01 grams (5.01 grams) of crack cocaine. The statutory MAXIMUM for the first defendant is one year's imprisonment; the statutory MINIMUM for the second defendant is five year's imprisonment. SPECIAL REPORT at 198.

In addition, the Special Report discusses the racial impact of the 100–to–1 ratio and statutory minimums for crack cocaine by reporting that for the year beginning October 1, 1992, and

ending September 30, 1993, 88.3% of the defendants in the federal system convicted of offenses involving crack cocaine were Black. *Id.* at Table 13. Although no appellate court has held that Congress intended to discriminate against Blacks when it enacted the ratio, the issues of perception and discriminatory impact remain. *See id.* at 214–216. *See United States v. Then*, 56 F.3d 464, 467 (2d Cir.1995) (Calabresi, J., concurring) ("[o]ver 95% of offenders convicted in federal court for crack distribution in 1993 were either Black or Hispanic, while Whites comprise ... the largest percentage of those convicted of offenses involving powder cocaine").

volving crack cocaine (cocaine base). Defendant derives this novel argument from *United States v. Davis*, 864 F.Supp. 1303 (N.D.Ga.1994). In *Davis*, the district court held an evidentiary hearing and found that "cocaine and cocaine base are synonymous terms referring to the same substance having the same molecular structure, molecular weight, and melting point."[2] *Davis*, at 1306. The court then concluded that the statute was facially ambiguous and held that the heightened penalties for cocaine base offenses must be ignored by operation of the rule of lenity. *Id.* at 1309. After careful deliberation, this Court declines to follow *Davis*.

 The rule of lenity requires a court to impose the lesser (or lighter) penalty where a criminal statute is ambiguous in its reach or penalty provisions. *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980). The rule of lenity does not apply unless there is actual statutory ambiguity. *United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971); *United States v. Mortimer*, 52 F.3d 429, 433 (2d Cir.1995). In the Second Circuit, case law defines "cocaine" as cocaine hydrochloride, and "cocaine base" as "crack" or any other substance containing a measurable amount of "cocaine base."[3] *United States v. Jackson*, 968 F.2d 158 (2d Cir.1992) *cert. denied*, 506 U.S. 1024, 113 S.Ct. 664, 121 L.Ed.2d 589 (1992).

No case in this Circuit has ever found that the ratio in 21 U.S.C. § 841(b)(1)(A)(iii) is ambiguous. In fact, the statute has withstood constitutional attack on numerous grounds. *See United States v. Stevens*, 19 F.3d 93, 96 (2d Cir.1994); *United States v. Jackson*, 968 F.2d 158 (2d Cir.1992) *cert. denied*, 506 U.S. 1024, 113 S.Ct. 664, 121 L.Ed.2d 589 (1992) (rejecting a void for vagueness challenge); *United States v. Haynes*, 985 F.2d 65, 70 (2d Cir.1993) (rejecting a discriminatory impact—Equal Protection challenge); *United States v. Jackson*, 59 F.3d 1421 (2d Cir.1995) (rejecting both an Equal Protection and Eighth Amendment challenge and stating that the enhanced penalties and mandatory minimums for cocaine base offenses are rationally related to a legitimate governmental purpose of protecting the public against the greater dangers of cocaine base).

None of these decisions indicate a failure to distinguish between cocaine powder and cocaine base offenses. Furthermore, the court in *Davis* wades deeply into complex factual waters with no lighthouse to lead the way.[4] This Court declines to embark on such a perilous voyage. Thus, the Court finds that the statute here is unambiguous and declines to apply the rule of lenity.[5]

Therefore, it is hereby

ORDERED that Defendant's motion for a downward departure, or in the alternative for a sentencing hearing, is DENIED.

**IT IS SO ORDERED.**

---

2. The court received testimony from four experts with backgrounds in law enforcement, chemistry, psychiatry and pharmacology. *Id.*

3. Cocaine base is produced by removing the potassium salts from which are originally added to coca paste when manufacturing cocaine powder. SPECIAL REPORT at 12. Cocaine base can be converted into either "freebase" cocaine or "crack" cocaine. SPECIAL REPORT at 13.

4. For example, the court in *Davis* considered whether all forms of cocaine are in fact smokeable, and whether "crack" had a fixed meaning in the scientific community. 864 F.Supp. at 1307. It is difficult to imagine how the Court would determine how many experts should testify at this hearing, and from what fields.

5. Three other Circuits have recently rejected *Davis* challenges. *United States v. Blanding*, 53 F.3d 773, 776 (7th Cir.1995); *United States v. Fisher*, 58 F.3d 96 (4th Cir.1995) *cert. denied* — U.S. ——, 116 S.Ct. 329, 133 L.Ed.2d 229 (1995) (finding that a common sense reading of the statute resolves the ambiguity and is supported by legislative history indicating a congressional desire to penalize violations involving "crack" more severely); *United States v. Jackson*, 64 F.3d 1213, 1220 (8th Cir.1995) (finding the distinction in the statute intentional and unambiguous and declining to apply the rule of lenity).