947 F.2d 954
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Roland JOHNSON, Defendant-Appellant.
 No. 91-3170.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Johnson appeals his sentence, asserting it violates the Eighth Amendment's guarantee against cruel and unusual punishment. We affirm.
 
 
 3
 Mr. Johnson entered guilty pleas to two offenses: attempting to possess 493.8 grams of cocaine and 954.2 grams of cocaine base (21 U.S.C. § 846), and aiding and abetting an attempt to possess with intent to distribute cocaine and cocaine base (crack) (18 U.S.C. § 2). Mr. Johnson was sentenced to 188 months of incarceration, five years of supervised probation thereafter, and a fine of $50.
 
 
 4
 On appeal, we apply a de novo standard of review to the district court's imposition of a sentence. United States v. Davis, 912 F.2d 1210, 1211 (10th Cir.1990).
 
 
 5
 The basic and essential facts and law were set forth in the presentence report and were not challenged. The maximum statutory term of imprisonment was not less than ten years nor more than life. 21 U.S.C. § 841(b)(1)(A). The total offense level after adjustments was 36 and the criminal history category was I, which yielded a sentencing range of 188-235 months. The sentencing court imposed a sentence of 188 months, which was the lower end of the sentencing range.
 
 
 6
 Mr. Johnson asserts the sentence imposed violates the Eighth Amendment's prohibition against cruel and unusual punishment for two reasons: first, due to the sentencing judge's "lack of sufficient judicial discretion to individually analyze sentences"; and second, due to the fact the sentence imposed was "singularly punitive in nature, disregarding the totality of the circumstances."
 
 
 7
 Since Mr. Johnson was sentenced, the Supreme Court has decided Harmelin v. Michigan, --- U.S. ----, 111 S.Ct. 2680 (1991), which we regard as dispositive. Harmelin was mandatorily sentenced to life imprisonment for possession of 672 grams of cocaine, and on appeal he raised the same arguments as does Mr. Johnson, i.e., the sentence was unconstitutionally cruel and unusual in that it was significantly disproportionate, and the sentencing judge was statutorily required to impose it without taking into account the particularized circumstances of the crime and the criminal. The Supreme Court rejected these arguments, outside the capital context. In addition, our own precedent dictates the same result reached by the Supreme Court in Harmelin. See United States v. Hatch, 925 F.2d 362 (10th Cir.1991); United States v. Rutter, 897 F.2d 1558, 1566-67 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990); and United States v. Thomas, 884 F.2d 540, 542-44 (10th Cir.1989).
 
 
 8
 Mr. Johnson asks us to hold his sentence disproportionate and cites Solem v. Helm, 463 U.S. 277 (1983). In Solem, the Supreme Court held a sentence of life imprisonment without parole violates the Eighth Amendment as the sentence was "grossly disproportionate" to the crime of recidivism. We find Harmelin tends to cast Solem in a different light; therefore Mr. Johnson's contentions must fail. The Eighth Amendment contains no proportionality guarantee outside the death penalty.
 
 
 9
 Mr. Johnson received a sentence of fifteen years eight months for possession with intent to distribute a considerable quantity of illegal drugs. His sentence was at the low end of the sentencing range. We affirm and hold the sentence imposed was not cruel and unusual under the Supreme Court's analysis in either Harmelin or Solem.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3