**NOTE: Attachment not available electronically**

**Filed 4/2/96**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,          No. 95-3362

      v.                       D. Kansas

GERALD L. CARLOS,          (D.C. No. 95-CV-3063)

      Defendant - Appellant.

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BARRETT**, and **LOGAN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gerald L. Carlos appeals the district court's denial of his in forma pauperis pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He contends that: 1) his conviction, which followed an administrative forfeiture of his property, was barred by the double jeopardy clause of the Fifth Amendment; 2) the evidence was insufficient to prove that the controlled substance he possessed was crack cocaine; 3) his counsel was ineffective in failing to move for an independent evaluation of the evidence; and 4 ) the district court erred in finding that he was procedurally barred from bringing the sufficiency of the evidence claim and in failing to provide an evidentiary hearing. We affirm.

Following a jury trial, Carlos was convicted on seven counts of drug related crimes and one count of carrying a firearm during a drug trafficking offense. On appeal, the only issue he raised related to his conviction on the firearm count, which we affirmed in an unpublished order and judgment. See United States v. Carlos, No. 92-3341, 1993 WL 265149 (10th Cir. July 14, 1993).

In this § 2255 appeal, we review de novo the district court's rulings on legal questions, United States v. Kissick, 69 F.3d 1048, 1051 (10th Cir. 1995), and we review its findings of fact for clear error. Brecheen v. Reynolds, 41 F.3d 1343, 1366 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995). The district court thoroughly considered Carlos' claims, taking into account the interplay between the ineffectiveness claim and the underlying grounds upon which Carlos attacks his sentence. Having fully reviewed

the matter, we affirm for substantially the reasons stated in the court's memorandum and order, a copy of which is attached hereto.

Additionally, we note that this court has recently joined the circuits cited by the district court in concluding that jeopardy does not attach in an uncontested administrative forfeiture. United States v. German, 76 F.3d 315 (10th Cir. 1996). Moreover, although the district court determined that Carlos' sufficiency of the evidence claim was procedurally barred, it nonetheless reached the merits of the claim.[1] We find no error in its conclusions. Accordingly, Carlos has alleged no facts which would entitle him to relief, and the district court did not abuse its discretion in denying him an evidentiary hearing. See United States v. Davis, 60 F.3d 1479, 1483 (10th Cir. 1995); United States v. Barboa, 777 F.2d 1420, 1422 (10th Cir. 1985).

AFFIRMED.

---

[1]Carlos' claim of ineffectiveness of counsel requires the court to examine the merits of the disputed issues to determine whether a procedural bar applies. See United States v. Galloway, 56 F.3d 1239, 1242 (10th Cir. 1995) (en banc); United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). If the issue lacks merit, "counsel's failure to raise it 'does not constitute constitutionally ineffective assistance of counsel.'" Cook, 45 F.3d at 393 (quoting United States v. Dixon, 1 F.3d 1080, 1083 (10th Cir. 1993)).

The district court noted that the record clearly establishes the sufficiency of the evidence regarding the drug's identification, and it also noted that Carlos has alleged no facts to dispute the charge that he distributed crack cocaine. In the absence of any good faith belief that the distributed drug was other than charged, counsel could not reasonably have been expected to seek outside analysis. Thus, Carlos failed to demonstrate ineffectiveness or any other ground that would constitute cause.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge