UNITED STATES of America, Plaintiff/Respondent,

v.

Roland JOHNSON, Defendant/Movant.

Criminal No. 90–10056–02, Civil No. 96–3204–SAC.

United States District Court, D. Kansas.

May 7, 1996.

---

**400**

Roland Johnson, White Deer, PA, Pro Se.

Lanny D. Welch, Office of U.S. Atty., Wichita, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On January 14, 1991, Roland Johnson entered a guilty plea to possession with intent to distribute approximately 514 grams of cocaine and approximately 1,023 grams of cocaine base. Based upon a total offense level of 36[1] and a criminal history category of I, the guideline range for imprisonment was 188–235 months. On April 22, 1991, the court sentenced Johnson to a primary term of incarceration of 188 months, the low end of the guideline range. Johnson appealed his sentence, arguing that it violated the Eighth Amendment's guarantee against cruel and unusual punishment. The Tenth Circuit rejected Johnson's arguments, affirming this court. *See United States v. Johnson,* 947 F.2d 954 (10th Cir.1991) (Table) (available on Westlaw 1991 WL 230166), *cert. denied,* 503 U.S. 950, 112 S.Ct. 1511, 117 L.Ed.2d 648 (1992).

This case comes before the court upon Johnson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Dk. 85). In his motion, Johnson argues that based upon the Supreme Court's recent decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the court improperly enhanced his sentence pursuant to *U.S.S.G.* § 2D1.1(b)(1).[2] Johnson also argues that the enhanced punishment for drug trafficking crimes involving cocaine base is unconstitutional. Neither argument has merit.

No evidentiary hearing is required as the issues presented by Johnson are purely questions of law. *See United States v. Carlos,* 906 F.Supp. 582, 585 (D.Kan.1995), *aff'd,* No. 95–3362, 1996 WL 148583 (10th Cir. April 2, 1996); *Cf. United States v. Davis,* 60 F.3d 1479, 1483 (10th Cir.1995).

### Enhancement under § 2D1.1(b)(1)

■ In *Bailey,* the Supreme Court defined the word "use" found in § 924(c)(1) in a manner substantially more narrow than the Tenth Circuit had previously construed the term. *See United States v. Wacker,* 72 F.3d 1453 (10th Cir.1995). In *Bailey,* the Supreme Court held that " 'use' must connote more than mere possession of a firearm by a person who commits a drug offense." —— U.S. at ——, 116 S.Ct. at 506.

Nothing in the Supreme Court's decision in *Bailey* changes the standards for determining whether enhancement pursuant to § 2D1.1(b)(1) is appropriate. In fact, the Supreme Court specifically recognized that evidence insufficient to sustain a conviction for "use" of a firearm under § 924(c)(1) may nevertheless be sufficient to enhance a defendant's sentence pursuant to § 2D1.1(b)(1).

While it is undeniable that the active-employment reading of "use" restricts the scope of § 924(c)(1), the Government often has other means available to charge offenders who mix guns and drugs. The "carry" prong of § 924(c)(1), for example, brings some offenders who would not satisfy the "use" prong within the reach of the

---

**1.** Base offense level (36) + Enhancement [pursuant to United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(b)(1) ] (2) − Acceptance of Responsibility (2) = Total Offense Level (36).

**2.** Section 2D1.1(b)(1) provides:

If a dangerous weapon (including a firearm) was possessed, increase by **2** levels.
"The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *U.S.S.G.* § 2D1.1 comment, n. 3.

statute. And Sentencing Guidelines § 2D1.1(b)(1) provides an enhancement for a person convicted of certain drug-trafficking offenses if a firearm was possessed during the offense. United States Sentencing Commission, Guidelines Manual § 2D1.1(b)(1) (Nov. 1994).

—— U.S. at ——, 116 S.Ct. at 509. *See United States v. Lang,* 81 F.3d 955, 963–64 (10th Cir. April 12, 1996); *United States v. Pollard,* 72 F.3d 66, 68 (7th Cir.1995) ("[A]s the Supreme court made clear last week, § 2D1.1(b)(1) of the guidelines casts a wider net than § 924(c)."); *see also United States v. Gary,* 74 F.3d 304, 317 n. 11 (1st Cir.1996) (in contrast to § 924(c)(1) counts charging "use" of a firearm, sentencing guidelines may provide enhancements for mere possession of firearm during other offense). Consequently, the Supreme Court's decision in *Bailey* provides no basis to modify Johnson's sentence.

In short, the court is satisfied that Johnson's sentence was properly enhanced pursuant to § 2D1.1(b)(1).[3]

### Constitutionality of Sentencing Scheme

■ The Tenth Circuit has repeatedly rejected attacks on the constitutionality of the disparity between the penalties for possession with intent to distribute crack cocaine and possession with intent to distribute cocaine powder. *See United States v. Walker,* 82 F.3d 427 (10th Cir. April 18, 1996) (rejecting defendant's contention that disparity is unconstitutional); *United States v. McKneely,* 69 F.3d 1067, 1080 (10th Cir.1995) ("We have held that a rational basis exists for harsher sentences for cocaine base, *United States v. Thurmond,* 7 F.3d 947, 951–53 (10th Cir.1993), *cert. denied,* 510 U.S. 1199, 114 S.Ct. 1311, 127 L.Ed.2d 661 (1994), and that the statute is not race-based."). Johnson essentially advances no argument not previously considered and rejected by the Tenth Circuit.

IT IS THEREFORE ORDERED that Johnson's motion under 28 U.S.C. § 2255 to

**3.** The court simply notes that the government demonstrated a temporal and spatial relationship between the weapon found in the vehicle Johnson was driving when he was arrested and drug

vacate, set aside, or correct sentence by a person in federal custody (Dk. 85) is denied.

activity and that Johnson did not demonstrate that it was clearly improbable that the weapon was related to the offense. *See United States v. Lang,* at 964.