**UNITED STATES of America, Plaintiff,**

v.

**James Mandell LEWIS, Defendant.**

**Criminal No. 94–40044–01–SAC.**
**Civil No. 97–3007–SAC.**

United States District Court,
D. Kansas.

May 20, 1997.

James Mandell Lewis, Rochester, MN, pro se.

Richard L. Hathaway, Office of U.S. Atty., Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

On April 29, 1997, the court entered a twenty-one page memorandum and order

that denied in part and took under advisement in part James Mandell Lewis' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.53). *See United States v. Lewis,* 964 F.Supp. 1513 (D.Kan.1997). In that order, the court denied Lewis' § 2255 motion to the extent that Lewis only sought to vacate his 18 U.S.C. § 924(c) conviction based upon the Supreme Court's decision in *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). In denying that relief, the court concluded that under contract and equitable principles it is more appropriate to permit Lewis to withdraw his entire plea if he so chooses, knowing that the government may then elect to prosecute him on the counts that were dismissed pursuant to the plea agreement. The portion of Lewis' motion treated as a motion to withdraw his plea was taken under advisement.

The court further ordered that "within ten days of the date this order is filed, Lewis shall file a document indicating whether or not [Wendell] Betts or another attorney admitted to practice before this court currently represents him. If Lewis is represented by an attorney, the court will contact counsel for each side and then proceed accordingly. If Lewis is not currently represented by counsel, and if Lewis believes that he is without sufficient funds to retain an attorney and that he desires the court to appoint one, Lewis shall file a pleading which indicates that he is without sufficient funds to retain an attorney and would like the court to appoint one. If Lewis wishes to proceed *pro se* he shall so state in writing. Upon receipt of that pleading, the court will then act."

On May 13, 1997,[1] Lewis filed a pleading titled "Movant's Response to Court's Memorandum and Order" (Dk.64). In that pleading, Lewis again indicates that it is not his intent to withdraw his plea but instead to only seek vacation of the § 924(c) conviction. Lewis indicates that "if it is this Court's intent to continue to deny the 2255 as it is styled and the specific issues raised therein, and the specific relief sought; (sic) then Mov-

ant moves this Court to treat this petition as a **Notice of Appeal**." In regard to the court's suggestion that Lewis consult with an attorney, Lewis indicates that he is without sufficient funds to retain an attorney and asks the court to appoint Mr. Betts to represent him. Lewis also requests to be moved closer to Topeka to consult with his attorney and to set the matter immediately for an evidentiary hearing. However, Lewis again indicates that "if it is the court's intention to deny the 2255 petition as it is written, and the specific collateral attack presented, as well as the specific relief sought" then Lewis "moves this Court to treat this petition as a notice of appeal."

## Analysis

### Reconsideration of Prior Ruling

In part, Lewis' response to the court's April 29, 1997, memorandum and order is a request for reconsideration. Having reviewed its previous order, the court finds no basis to modify its decision and believes that is was correctly decided. Lewis' request for reconsideration is denied.

### Immediate Appeal

█ In his latest pleading, Lewis repeatedly indicates that he believes he is entitled to a vacation of his § 924(c) conviction without fear of prosecution on the counts dismissed pursuant to the terms of the plea agreement. In the event the court does not accept his analysis, Lewis expresses the desire for the court to treat his pleading as a notice of appeal. In light of Lewis' express rejection of the relief offered by the court— namely the opportunity to withdraw his plea but at the price of facing the counts previously dismissed pursuant to the agreement—the court denies Lewis' "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.53).

This order is therefore final and appealable. In accordance with his request, the court will treat Lewis' pleading titled "Movant's Response to Court's Memorandum and Order" (Dk.64) as a notice of appeal.

---

1. Lewis indicates that he did not receive the court's April 29, 1997, memorandum and order

until May 5, 1997. The court grants Lewis' request to file his response out of time.

**552**

### Appointment of Counsel/Evidentiary Hearing

 In light of the court's ruling, no evidentiary hearing is necessary and Lewis' request for such a hearing is denied. *See United States v. Carlos*, 906 F.Supp. 582, 585 (D.Kan.1995) (no evidentiary hearing is required when movant's § 2255 motion presents issues involving only questions of law), *aff'd*, No. 95-3362, 1996 WL 148583 (10th Cir. April 2, 1996); *Cf United States v. Davis*, 60 F.3d 1479, 1483 (10th Cir.1995).

As the court understands Lewis' pleading, his desire for appointment of counsel turned upon the court's willingness to reconsider its April 29, 1997, memorandum and order. Having denied that request for reconsideration, Lewis' request for appointment of counsel to represent him is apparently moot. Lewis should direct any future requests for the appointment of counsel to the Tenth Circuit.

### Certificate of Appealability

In its Emergency General Order, In re Procedures Regarding the Prison Litigation Reform Act and the Antiterrorist and Effective Death Penalty Act, No. 96-41 (10th Cir. Oct. 1, 1996), the Tenth Circuit directs the district courts to consider the propriety of issuing a certificate of appealability in § 2255 proceedings. Although the court believes that its April 29, 1997, memorandum and order was correctly decided, Lewis has identified conflicting case law clearly supportive of his position. Under these circumstances the court issues a certificate of appealability in this case.

IT IS THEREFORE ORDERED that the specific relief sought by Lewis in his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dk.53) is denied.

IT IS FURTHER ORDERED that Lewis' request to treat his pleading titled "Movant's Response to Court's Memorandum and Order" (Dk.64) as a notice of appeal is granted. All of the other relief requested by Lewis in that pleading is denied on the merits or denied as moot.

The clerk of the court shall treat Lewis' pleading titled "Movant's Response to Court's Memorandum and Order" (Dk.64) as a notice of appeal from this memorandum and order.