952 F.2d 423
 293 U.S.App.D.C. 67, 21 Fed.R.Serv.3d 1103
 Irvin H. MASON, Phyllis H. Mason, and the Mason Engineering
Company, Plaintiffs-Appellants,
v.
The JUDGES OF THE UNITED STATES COURT OF APPEALS FOR the
DISTRICT OF COLUMBIA CIRCUIT IN REGULAR ACTIVE SERVICE
ACTING IN THEIR OFFICIAL CAPACITIES, and the United States,
as successor to the Panama Canal Company, Defendants-Appellees.
 No. 91-5141.
 United States Court of Appeals,
District of Columbia Circuit.
 Dec. 20, 1991.
As Amended Dec. 20, 1991.
Rehearing Denied March 23, 1992.
 
 On Motion for Summary Affirmance of Judgment of the United States District Court.
 Edward E. Wright, Washington, D.C., for plaintiffs-appellants.
 Jay B. Stephens, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. [293 U.S.App.D.C. 68] Attys., Washington, D.C., for defendants-appellees.
 Before COWEN, BENNETT and FRIEDMAN, Senior Circuit Judges of the Federal Circuit, sitting by designation.
 Opinion for the Court filed by Senior Circuit Judge FRIEDMAN.
 FRIEDMAN, Senior Circuit Judge.
 
 
 1
 This is an appeal from the judgment of the United States District Court for the District of Columbia dismissing as time-barred a complaint against the active judges of this court and the United States. The government has moved for summary affirmance. We conclude that the decision of the district court is so clearly correct as to warrant summary disposition. Cf. Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.), cert. denied sub nom. Walker v. Barry, 449 U.S. 994, 101 S.Ct. 532, 66 L.Ed.2d 292 (1980). We therefore grant the motion to affirm and affirm the judgment of the district court.
 
 
 2
 * A. This case is a sequel to a previous suit that Irvin, Phyllis, and Lark Mason and the Mason Engineering Company filed in 1974 in the United States District Court for the District of Columbia against the Panama Canal Company. That case stemmed from the company's dismissal of the appellant Irvin H. Mason from his position there as an engineer. According to the appellants, Mason was dismissed for whistleblowing activities. The suit alleged several personnel and tort claims.
 
 
 3
 The district court dismissed some of the counts in the complaint on the Canal Company's motion. After trial to the court, the court entered findings of fact and conclusions of law dismissing the remaining count. On appeal, this court, after briefing and oral argument, summarily affirmed the district court judgment on October 20, 1982, pursuant to our Local General Rules 13(a), 13(c), and 8(f) (all now superseded by General Rule 14). Our judgment stated in pertinent part as follows:
 
 
 4
 While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See Local Rule 13(c).
 
 
 5
 On consideration of the foregoing, it is ORDERED and ADJUDGED by this Court that the judgment of the District Court appealed from in this case be and hereby is affirmed for the reasons articulated in its Memorandum Opinion and Order, filed May 11, 1979, and on the basis of its Findings of Fact, Conclusions of Law and Order, filed August 24, 1981.
 
 
 6
 The judgment also directed the clerk to withhold the mandate until seven days after the disposition of any timely petition for rehearing.
 
 
 7
 The appellants filed a petition for rehearing with suggestion for rehearing en banc which challenged, among other things, the disposition of the case without a published opinion. This court denied rehearing (and rejected the suggestion for rehearing en banc) on December 21, 1982. The Supreme Court denied certiorari. Mason v. Panama Canal Co., 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983).
 
 
 8
 B. On December 13, 1988, more than six years after this court's summary affirmance, Irvin and Phyllis Mason and Mason Engineering Company (the Masons) filed the present case in the district court. The suit named as defendants the active judges of this court "in their official capacities" and the United States, as successor to the Panama Canal Company. The Masons sought a declaration that the rules and practices of this court, under which the earlier suit was summarily affirmed without an opinion, were unlawful, and a new hearing before this court in the prior case that will result in a published explanation of the basis for decision.
 
 
 9
 In a memorandum opinion, the district court dismissed the complaint as barred by the six-year limitations period in 28 U.S.C. § 2401(a) (1988).
 
 II
 Section 2401(a) of Title 28 provides:
 
 10
 [E]very civil action commenced against the United States shall be barred unless [293 U.S.App.D.C. 69] the complaint is filed within six years after the right of action first accrues.
 
 
 11
 A. This court has not previously directly addressed the question whether a suit against federal officials challenging their official actions is a suit against the United States under this provision. We have so recognized, however, by applying that statute to such suits. See, e.g, Walters v. Secretary of Defense, 725 F.2d 107, 111-15 (D.C.Cir.1983); Calhoun v. Lehman, 725 F.2d 115, 117 (D.C.Cir.1983); Impro Prod., Inc. v. Block, 722 F.2d 845, 849-50 (D.C.Cir.1983), cert. denied, 469 U.S. 931, 105 S.Ct. 327, 83 L.Ed.2d 264 (1984); Oppenheim v. Campbell, 571 F.2d 660, 662-63 (D.C.Cir.1978). In Saffron v. Department of the Navy, 561 F.2d 938, 941-42 (D.C.Cir.1977), cert. denied, 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978), we held that § 2401(a) covered a suit "nominally against named federal officials" but seeking money damages from the government, since the suit "was in every sense a 'civil action commenced against the United States' " under § 2401(a). Id. at 941-42 (citing Dugan v. Rank, 372 U.S. 609, 620-23, 83 S.Ct. 999, 1006-08, 10 L.Ed.2d 15 (1963)).
 
 
 12
 We now make explicit, as did the Fifth Circuit in Geyen v. Marsh, 775 F.2d 1303, 1307 (5th Cir.1985), what was implicit in our prior decisions, namely, that a civil action against a federal official based on that person's official actions is a "civil action commenced against the United States" under § 2401(a). To the extent the present suit is against the active judges of this court, it is a suit "against the United States."
 
 
 13
 B. 1. The district court correctly held that the six-year limitations period in § 2401(a) bars the present suit. The gravamen of the complaint is that this court erred in deciding the prior appeal without an opinion. The "right of action" thus asserted "first accrue[d]" on October 20, 1982, when this court decided the appeal in a summary order of affirmance and without an opinion. Since the present suit was not filed until December 13, 1988, more than six years after our decision of affirmance was issued, it is time-barred under § 2401(a).
 
 
 14
 2. The Masons seek to avoid the force of this reasoning by contending that their action did not accrue until December 21, 1982, when their petition for rehearing was denied. This court's decision, however, was final when it was rendered on October 20, 1982. The Masons' claim, challenging only the failure of this court to render an opinion, accrued at that time. The Masons knew then that the court would not render an opinion in deciding their appeal, and that was the point in time at which their claim based upon the lack of an opinion accrued.
 
 
 15
 The Masons could have brought the present suit the day following our affirmance. The claim of an improper failure to render an opinion was thus ripe for judicial challenge at that time, and there was no need for the Masons to seek rehearing prior to asserting the claim. See Oppenheim, 571 F.2d at 662 (action accrued, for purposes of § 2401(a), when the "right to resort to federal court was perfected").
 
 
 16
 3. The Masons contend that because their claim is for equitable relief from a judgment, § 2401 does not apply to and cannot bar it. Section 2401(a), however, broadly bars "every civil action" unless filed within six years of its accrual. In Spannaus v. United States Dep't of Justice, 824 F.2d 52, 55 (D.C.Cir.1987), this court stated that "[t]he law of this circuit is clear: the words 'every civil action' mean what they say," and that this court's prior decisions "clarify beyond dispute that § 2401(a) applies to all civil actions whether legal, equitable or mixed."
 
 
 17
 4. Finally, the Masons contend that the six-year limitation period of § 2401(a) does not apply to an independent action attacking a judgment as void or to a motion under Federal Rule of Civil Procedure 60(b)(4) or (b)(6) for relief from a judgment. They characterize the present suit as either such an action or motion.
 
 
 18
 Federal Rule 60(b) authorizes two procedures to obtain relief from judgments: 1) a motion in the court and in the action in [293 U.S.App.D.C. 70] which the judgment was rendered, which may be filed within a "reasonable time" after entry of the judgment; or 2) a new and independent action, which may be commenced in a court other than that which rendered the judgment. FED.R.CIV.P. 60(b); 7 Moore's Federal Practice p 60.18, p. 60-142 (1991) [hereinafter Moore's].
 
 
 19
 Since the present suit is brought in the district court against the judges of this court (and the United States) and seeks to reopen the 1982 judgment of this court, it cannot be viewed as a motion to obtain relief in the court and in the action in which the judgment was rendered. See FED.R.CIV.P. 60 advisory committee note, 1946 amendment; Moore's, supra, at p 60.18, p. 60-142.
 
 
 20
 If the present case is viewed as an independent action to relieve a party from a judgment, it also fails. We know of no basis upon which a district court may entertain an independent action to modify a judgment of a court of appeals, and particularly when that judgment affirmed a prior judgment of that district court. To permit such an independent action would be inconsistent with the first procedure of the rule providing for filing a motion in the court that rendered the judgment. Moreover, even if the Masons' suit could be considered such an "independent action," it still would be time-barred. The advisory committee on the rules stated that "[w]here the independent action is resorted to, the limitations of time are those of laches or statutes of limitations." FED.R.CIV.P. 60 advisory committee note, 1946 amendment. The governing statute of limitations for such a suit would be 28 U.S.C. § 2401(a), and under this provision the action is time-barred because it was commenced more than six years after it accrued.
 
 CONCLUSION
 The judgment of the district court is
 
 21
 affirmed.