**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Mitcheal EDMONSON, Defendant/Movant.**

**Criminal No. 89–10054–05.
Civil Case No. 95–3310–SAC.**

United States District Court,
D. Kansas.

May 8, 1996.

Daniel E. Monnat, Monnat & Spurrier, Chartered, Wichita, KS, for petitioner Mitcheal Edmonson in Civil No. 95–3310–SAC.

Mitcheal Edmonson, El Reno, OK, defendant pro se, in Criminal No. 89–10054–05.

James E. Flory, Office of U.S. Attorney, Kansas City, KS, for plaintiff/respondent U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On March 29, 1996, the court entered a memorandum and order denying Mitcheal Edmonson's petition for a writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241, construed as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See United States v. Edmonson,* 922 F.Supp. 505 (D.Kan.1996). The court rejected Edmonson's argument that the trial of his friend and codefendant, Richard Lacey, in absentia in violation of Fed.R.Crim.P. 43 deprived him of a fair trial. On April 18, 1996, Edmonson filed a notice of appeal to the Tenth Circuit. *See* (Dk. 488).

On the same day that he filed a notice of appeal, Edmonson filed a motion for relief pursuant to Fed.R.Civ.P. 60(b). *See* (Dk. 490). In his Rule 60(b) motion, Edmonson essentially argues that because Lacey was granted a new trial, he should be entitled to the same relief. The government filed no response to Edmonson's motion.

### Jurisdiction

Although a notice of appeal generally divests the district court of jurisdiction, a district court does have the authority "to consider on the merits and *deny* a 60(b) motion after a notice of appeal, because the district court's action is in furtherance of the appeal." *Winchester v. U.S. Atty. for Southern Dist. Texas,* 68 F.3d 947, 949 (5th Cir. 1995). *See United States v. 397.51 Acres of Land, Etc.,* 692 F.2d 688, 693 (10th Cir.1982) ("'In ordinary civil cases the rule is that after an appeal has been taken the district court retains jurisdiction to consider and deny a Rule 60(b) motion and, if it indicates that it will grant the motion, the movant may then ask the Court of Appeals to remand the case so that the district court may act.") (quoting *Aune v. Reynders,* 344 F.2d 835, 841 (10th Cir.1965)); *cf., United States v. Varah,* 952 F.2d 1181, 1182 n. 2 (10th Cir.1991).

### Fed.R.Civ.P. 60

Federal Rule of Civil Procedure 60 has been referred to as "the grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting *Radack v. Norwegian Am. Line Agency, Inc.,* 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied,* 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). "Relief under Rule 60(b) is extraor-

dinary and limited to certain exceptional circumstances." *Nutter v. Wefald,* 885 F.Supp. 1445, 1449 (D.Kan.1995) (citing *Massengale v. Oklahoma Board of Examiners in Optometry,* 30 F.3d 1325, 1330 (10th Cir.1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co. Inc.,* 909 F.2d 1437, 1440 (10th Cir. 1990)). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds."[1] *Van Skiver v. United States,* 952 F.2d 1241, 1243–44 (10th Cir. 1991), *cert. denied,* 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).

■■■ "A rule 60(b) motion triggers consideration of the established policy in favor of final judgments." *Nutter,* 885 F.Supp. at 1450. *See Lee v. Village of River Forest,* 936 F.2d 976, 978 (7th Cir.1991) ("strong policy favoring the finality of judgments"). Rule 60(b) " 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of *all* the facts." ' " *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444 (10th Cir.1983) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981) ((quoting in turn *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 77 (5th Cir.), *cert. denied,* 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970))). The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1145–46 (10th Cir.1990). The court abuses its discretion when its actions are arbitrary, capricious, whimsical, without reason, or biased. *Id.*

■■■ "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter,* 885 F.Supp. at 1450 (citing *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir.1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter,* 885 F.Supp. at 1450 (citing *Van Skiver v. United States,* 952 F.2d at 1243).

### Analysis

■■■ Edmonson's motion for relief pursuant to Rule 60(b) is denied. Edmonson's motion simply rehashes the same arguments previously considered and rejected in the court's March 29, 1996, memorandum and order. As such, his motion is denied on that basis alone. As set forth in considerable detail in the court's March 29, 1996, memorandum and order, Edmonson and his codefendant Lacey were not similarly situated in that Rule 43, as a matter of law, precluded Lacey's trial in absentia. As Edmonson will recall, he was not tried in absentia. In fact, Edmonson appeared throughout the trial and testified in his own defense. No violation of Edmonson's rights under Rule 43 occurred which required an automatic reversal of his

1. The exceptional circumstances enumerated in Rule 60(b) are:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure of obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

conviction. Instead, to obtain the desired relief, Edmonson was required to demonstrate that Lacey's trial in absentia deprived him of a fair trial. The court concluded that it did not. Nothing argued by Edmonson in this motion changes that conclusion.

IT IS THEREFORE ORDERED that Edmonson's motion for relief pursuant to Fed.R.Civ.P. 60(b) (Dk. 490) is denied.