UNITED STATES of America,
Plaintiff/Respondent,

v.

Roland JOHNSON, Defendant/Movant.

Criminal No. 90–10056–02.
Civil No. 96–3204–SAC.

United States District Court,
D. Kansas.

July 23, 1996.

384

Roland Johnson, White Deer, PA, pro se.

Ronald R. McEnulty, Wichita, KS, for Roland Johnson.

Lanny D. Welch, Office of United States Attorney, Wichita, KS, for U.S.

## MEMORANDUM AND ORDER

CROW, District Judge.

On May 2, 1996, this court entered a memorandum and order denying Johnson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. *See United States v. Johnson,* 927 F.Supp. 399 (D.Kan.1996). In his motion, Johnson argued that based upon the Supreme Court's recent decision in *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the court improperly enhanced his sentence pursuant to *USSG* § 2D1.1(b)(1).[1] Johnson also argued that the enhanced punishment for drug trafficking crimes involving cocaine base is unconstitu-

tional. The court concluded that neither argument has merit.

On June 13, 1996, Johnson filed a "Motion to reconsider and reinstate the § 2255 motion before this court" (Dk. 88). Johnson argues that the court's summary disposition of his motion violated § 2255. Johnson again contends that he is entitled to relief under the Supreme Court's decision in *Bailey.* Johnson again argues that the enhanced punishment for cocaine base is unconstitutional.

### Standard for Evaluating Johnson's Motion

Although "a motion under § 2255 is a further step in the movant's criminal case and not a separate civil action," Comments to Rule 1, *Rules Governing Section 2255 Proceedings for the United States District Courts,* based upon the language, structure and operation of the rules governing § 2255 motions, the courts have looked to the Federal Rules of Civil Procedure for evaluating motions seeking relief from orders denying relief pursuant to § 2255. *See United States v. Clark,* 984 F.2d 31, 34 (2nd Cir.1993) ("[T]he incorporation in Section 2255 Rule 11 of Fed.R.App.P. 4(a) suggested that [a motion for reconsideration of the denial of a section 2255 motion] should be subject to the same time limitations as reconsideration motions in civil cases."). *See also* Rule 12 of the *Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2255* ("If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.").

■ "The nomenclature of the Federal Rules of Civil Procedure does not include a 'motion to reconsider.'" *Mounkes v. Conklin,* 922 F.Supp. 1501, 1514 (D.Kan.1996). In civil cases, federal courts view motions to

---

1. Section 2D1.1(b)(1) provides:

    If a dangerous weapon (including a firearm) was possessed, increase by 2 levels.

"The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *U.S.S.G.* § 2D1.1 comment, n. 3.

reconsider as either motions to alter or amend under Rule 59(e) or motions for relief under Rule 60(b). *Elsken v. Network Multi–Family Sec. Corp.*, 49 F.3d 1470, 1476 (10th Cir.1995). "If the motion is served no later than ten days after entry of judgment, it is treated under Rule 59(e); otherwise, the motion is treated under Rule 60(b)." *Mounkes*, 922 F.Supp. at 1514. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Rule 59(e) and Rule 60(b) "are distinct; they serve different purposes and produce different consequences." *Van Skiver*, 952 F.2d at 1243.

■ Because Johnson's motion was filed more than ten days after the court entered its memorandum and order denying his request for relief pursuant to § 2255, the court will treat his motion for reconsideration as a motion for relief pursuant to Rule 60(b). *See Clark*, 984 F.2d at 31; *United States v. Edmonson*, 928 F.Supp. 1052, 1053 (D.Kan. 1996).

### Rule 60(b)

■ Federal Rule of Civil Procedure 60 has been referred to as "the grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir.1975) (en banc) (quoting *Radack v. Norwegian Am. Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir.1963)), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976). "Relief under Rule 60(b) is extraordinary and limited to certain excep-

tional circumstances." *Nutter v. Wefald*, 885 F.Supp. 1445, 1449 (D.Kan.1995) (citing *Massengale v. Oklahoma Board of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co. Inc.*, 909 F.2d 1437, 1440 (10th Cir.1990)). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." [2] *Van Skiver*, 952 F.2d at 1243–44.

■ "A rule 60(b) motion triggers consideration of the established policy in favor of final judgments." *Nutter*, 885 F.Supp. at 1450. *See Lee v. Village of River Forest*, 936 F.2d 976, 978 (7th Cir.1991) ("strong policy favoring the finality of judgments"). Rule 60(b) " 'seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the "incessant command of the court's conscience that justice be done in light of *all* the facts." ' " *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir.1981)) (quoting in turn *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 (5th Cir.), *cert. denied*, 399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970)). The district court has substantial discretion in deciding a Rule 60(b) motion. *Pelican Production Corp. v. Marino*, 893 F.2d 1143, 1145–46 (10th Cir.1990). The court abuses its discretion when its actions are arbitrary, capri-

---

**2.** The exceptional circumstances enumerated in Rule 60(b) are:

"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the

judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure of obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

cious, whimsical, without reason, or biased. *Id.*

■ "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter,* 885 F.Supp. at 1450 (citing *Brown v. McCormick,* 608 F.2d 410, 413 (10th Cir.1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter,* 885 F.Supp. at 1450 (citing *Van Skiver v. United States,* 952 F.2d at 1243).

### Summary Disposition

■ Johnson's complaint that the court should not have summarily decided his motion is completely without merit. No evidentiary hearing was required as the issues presented by Johnson were purely questions of law. *See United States v. Carlos,* 906 F.Supp. 582, 585 (D.Kan.1995), *aff'd,* No. 95–3362, 1996 WL 148583 (10th Cir. April 2, 1996); *Cf. United States v. Davis,* 60 F.3d 1479, 1483 (10th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1829, 134 L.Ed.2d 933 (1996). Despite his characterization of his arguments as raising "factual claims," the issues raised by Johnson are only questions of law.

### Enhancement under § 2D1.1(b)(1)

Rather than read the Supreme Court's decision in *Bailey* or attempt to understand this court's specific reasons for denying the relief he sought, Johnson simply argues that "the lower Court's had given the Government too much leeway when guns were found near drugs." In short, Johnson's sentence was properly enhanced under § 2D1.1(b)(1), and *nothing* he argues demonstrates otherwise. *See Leon–Ayala v. United States,* 82 F.3d 403 (1996) (TABLE), *United States v. Castillo,* 77 F.3d 1480, 1499 n. 34 (5th Cir.1996) ("[T]he Supreme Court took great pains in *Bailey* to limit its holding to the construction of the term 'use' as that term is employed in 18 U.S.C. § 924(c)(1), the statute at issue in *Bailey.* Therefore, *Bailey* does not control

the present analysis [of enhancement under 2D1.1(b) ].").

### Constitutionality of Sentencing Scheme

Johnson contends that the Tenth Circuit cases cited by the court did not address his specific challenge to the constitutionality of the disparity between the penalties for possession with intent to distribute crack cocaine and possession with intent to distribute cocaine powder. This statement is incorrect. The Tenth Circuit has rejected both due process and equal protection attacks on the cocaine/crack cocaine sentencing scheme. *See United States v. Walker,* No. 95–3303, 1996 WL 187543 (10th Cir. April 18, 1996) (rejecting defendant's contention that disparity is unconstitutional); *United States v. McKneely,* 69 F.3d 1067, 1080 (10th Cir.1995) ("We have held that a rational basis exists for harsher sentences for cocaine base, *United States v. Thurmond,* 7 F.3d 947, 951–53 (10th Cir.1993), *cert. denied,* 510 U.S. 1199, 114 S.Ct. 1311, 127 L.Ed.2d 661 (1994), and that the statute is not race-based.").

■ Johnson argues that these cases do not address his contention that there is no medical, scientific or legal data to support the enhanced penalties. In support of his contention, Johnson cites *United States v. Davis,* 864 F.Supp. 1303 (N.D.Ga.1994). In *Davis,* the district court held an evidentiary hearing and concluded from the unanimity of the four experts who unanimously agreed that "cocaine and cocaine base are synonymous terms referring to the same substance having the same molecular structure, molecular weight, and melting point." *Id.* at 1306. The court concluded that "[i]t is now obvious to this court that the physical form of the drug or its means of manufacture has no rational relationship to any legislative intention to impose heightened penalties, as they have nothing to do with potential for abuse." *Id.* at 1306. The court then concluded that "the provisions of § 841 set out a scientifically meaningless distinction between cocaine and cocaine base, and that the heightened penalty provision for cocaine base must be ignored by operation of the rule of lenity." *Id.* at 1309.

The Tenth Circuit has essentially rejected similar challenges to the one accepted by the

court in *Davis.* "In *United States v. Turner*, 928 F.2d 956 (10th Cir.), *cert. denied*, 502 U.S. 881, 112 S.Ct. 230, 116 L.Ed.2d 187 (1991), we specifically held that the enhanced penalty scheme for offenses involving cocaine does not violate due process, *id.* at 960, and in *Easter*, 981 F.2d at 1557, we held that 21 U.S.C. § 841(b)(1) and U.S.S.G. § 2D1.1 are not void for vagueness." *Thurmond*, 7 F.3d at 951. The court also notes that several other courts have *specifically* rejected the district court's analysis in *Davis. See, e.g., United States v. Lightner*, Nos. 94–5540, 94–5541, 1996 WL 295284 (4th Cir. June 5, 1996); *United States v. Jackson*, 84 F.3d 1154 (9th Cir.1996); *United States v. Renteria–Caicedo*, No. 94–5847, 1996 WL 279006 (4th Cir. May 28, 1996); *United States v. Crawford*, 83 F.3d 964 (8th Cir.1996); *United States v. Smith*, 73 F.3d 1414 (6th Cir.1996); *United States v. Booker*, 70 F.3d 488, 489–91 (7th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1334, 134 L.Ed.2d 484 (1996); *United States v. Hatchett*, 68 F.3d 477 (7th Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1029, 134 L.Ed.2d 107 (1996); *United States v. Fisher*, 58 F.3d 96, 99 (4th Cir.), *cert. denied*, —— U.S. ——, 116 S.Ct. 329, 133 L.Ed.2d 229 (1995); *United States v. Buchanon*, 909 F.Supp. 99, 101 (N.D.N.Y.1995).

In sum, the court concludes that nothing argued by Johnson entitles him to relief under Rule 60(b). In fact, Johnson's motion is at best a rehash of the same arguments previously rejected by this court. Similar motions of the same ilk will be summarily denied.

IT IS THEREFORE ORDERED that Johnson's "Motion to reconsider and reinstate the § 2255 motion before this court" (DK. 88) is denied.