James SCOTT, Plaintiff,

v.

HOME CHOICE, INC., d/b/a RENTWAY, Defendant.

Civ.A. No. 02–2112–CM.

United States District Court, D. Kansas.

June 16, 2004.

**MEMORANDUM AND ORDER**

MURGUIA, District Judge.

## I. Procedural Background

On February 18, 2004, the court entered an Order (Order)[1] denying two motions for summary judgment filed by Scott, and granting a motion for summary judgment filed by defendant Home Choice, Inc., d/b/a RentWay (RentWay). On March 8, 2004, Scott filed the current Motion for Reconsideration (Doc. 72), claiming that the court committed clear error in its Order, and that manifest injustice will occur if the court permits the Order to stand.

## II. Standard for Motion to Reconsider

Pursuant to Local Rule 7.3, a party may file a motion asking a judge to reconsider an order made by that judge. However, the local rule specifies that "[m]otions seeking reconsideration of dispositive orders or judgment must be filed pursuant to Fed.R.Civ.P. 59(e) or 60." D. Kan. Rule 7.3(a). Motions for reconsideration "filed within ten days of the district court's entry of judgment ... [are] treated as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e)." *Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995). However, motions filed outside the ten-day time period set for Rule 59(e) motions are examined under Rule 60(b). *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir.1997).

The court is without authority to extend the ten-day time period specified in Rule 59(e). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir.2000). Fed. R.Civ.P. 6(b); *see also Collard v. United States*, 10 F.3d 718, 719 (10th Cir.1993) ("Rule 6(b) expressly prohibits a trial court from extending the time to file [a Rule 59(e) ] motion."). Rule 59 provides no exception to the ten-day rule.

Rule 60(b) specifies that a motion pursuant to this rule "shall be made within a reasonable time." Considering the timing of filing,

James Scott, Grandview, MO, pro se.

Anthony J. Romano, Matthew R. O'Connor, Polsinelli Shalton & Welte, P.C., Kansas City, MO, Craig M. Leff, James M. Yeretsky, Thomas J. Koehler, Yeretsky & Maher, L.L.C., Overland Park, KS, for Defendant.

---

1. The court's February 18, 2004, Order set forth a detailed history of the litigation between the parties in this lawsuit which it is not necessary to repeat herein.

nineteen days after the court entered its Order, the court construes Scott's Motion for Reconsideration as a motion raised pursuant to Rule 60.

Rule 60 provides that "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Fed.R.Civ.P. 60(b) (emphasis added). A district court has discretion to grant relief as justice requires under Rule 60(b). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir.2000). However, such relief is considered "extraordinary" and should "only be granted in exceptional circumstances." *Id.* "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds." *Van Skiver v. United States*, 952 F.2d 1241, 1243–44 (10th Cir.1991); *Loum v. Houston's Rest., Inc.*, 177 F.R.D. 670, 671–72 (D.Kan.1998). The court may not grant a Rule 60 motion where no basis for relief is provided. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir.1996) (noting that granting a Rule 60 motion without a basis for relief would be an abuse of the court's discretion).

A Rule 60(b) motion triggers consideration of the established policy in favor of final judgments. *United States v. Johnson*, 934 F.Supp. 383, 385 (D.Kan.1996). "Not a substitute for a direct appeal, a rule 60(b) motion addresses matters outside the issues on which the judgment was entered." *Nutter v. Wefald*, 885 F.Supp. 1445, 1450 (D.Kan.

1995) (citing *Brown v. McCormick*, 608 F.2d 410, 413 (10th Cir.1979)). "It is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings." *Nutter*, 885 F.Supp. at 1450 (citing *Van Skiver*, 952 F.2d at 1243).

## III. Discussion

In its Order, this court denied Scott's two motions for summary judgment and granted RentWay's motion for summary judgment, which dismissed all of Scott's claims against RentWay. Scott has asked the court to reconsider that decision in order to correct clear error and to prevent manifest injustice, but Scott has not satisfied any of the grounds which might justify relief under Rule 60(b). In fact, Scott's only argument that merits analysis under the Rule 60(b) factors is that various actions and alleged misrepresentations by RentWay continue to constitute fraud, and that such actions and misrepresentations have created a cause of action for fraud under Kan. Stat. Ann. § 60–513 that is independent of both Scott's previous federal court action brought against RentWay in July 1999 and the Missouri court action RentWay brought against Scott in February 2000. The court will thus analyze Scott's motion as one for relief under 60(b)(3)—fraud, misrepresentation, or other misconduct of an adverse party.

Scott contends that, although RentWay has acted in a fraudulent manner since the first lawsuit in July 1999 (specifically alleging that RentWay has made over fifty fraudulent misrepresentations), certain issues of fraud by RentWay did not become ascertainable until after the Missouri court entered its October 17, 2001, summary judgment order against Scott, and after the filing of his complaint in this case in March 2002. Scott argues that the court has not addressed the issues of fraud that Scott claims occurred after he filed this current lawsuit and that the court's failure to do so has resulted in manifest injustice to Scott.

As an initial matter, the court notes that, if Scott is claiming that acts of fraud that were committed *after* the filing of his lawsuit in

this court warranted Scott's initial filing of this very lawsuit, such an argument does not make sense. Moreover, in considering and ruling on Scott's and RentWay's respective motions for summary judgment in its Order, the court noted with regard to Scott's fraud claims:

> In considering all of the facts and arguments Scott set forth in response to Rent-Way's summary judgment motion (and in support of his own summary judgment motion) in a light most favorable to Scott, the court finds no allegation by Scott that the acts on which Scott bases his fraud and breach of contract claims in this action arose after the Missouri action concluded. In fact, all of the alleged wrongdoing Scott has set forth occurred during the first federal action or during the Missouri action. Moreover, it appears that the facts and evidence Scott has set forth were readily available to Scott during the Missouri action and were even raised before the Missouri court.

*Id.* at 13.

However, as best the court can discern, Scott's current allegations of fraud are as follows:

First, Scott claims that RentWay, sometime after August 23, 2001, and before October 17, 2001, submitted a proposed order to the Missouri court which altered the wording of the original settlement agreement between Scott and RentWay. Scott alleges that the altered wording was fraudulent, and that Scott did not notice it until two months later, after the Missouri court had included the wording in its October 17, 2001, order. Scott claims that the Missouri court essentially was duped by RentWay into revising the settlement agreement. The court believes it addressed Scott's arguments with regard to this issue in its Order, and does not believe a second analysis is warranted.

Second, Scott claims that the altered wording of the original settlement agreement served the basis for RentWay improperly filing contempt charges against Scott in Missouri court in April 2002. Again, the court believes it addressed Scott's arguments with regard to this issue in its Order, and does not believe a second analysis is warranted.

Third, Scott contends that RentWay made it appear to both the Missouri court and this court that Scott assisted Donald Jackson, another former RentWay employee, in filing a lawsuit against RentWay in September 2001 in violation of the Missouri court's October 17, 2001 order. However, this is not chronologically possible. RentWay notes, however, that although it was aware that Scott was likely assisting Jackson with filing a lawsuit as early as May 2001 (through correspondence from the Equal Employment Opportunity Commission that was copied to Scott), it was not aware that Jackson had actually filed the lawsuit until RentWay was served with Jackson's complaint on February 25, 2002. Prior to receiving service of Jackson's complaint, RentWay, on February 6, 2002, responded to a January 14, 2002, letter from Scott requesting that RentWay's counsel permit Scott to provide Jackson with copies of documents and materials from his own lawsuit to assist Jackson. RentWay's February 6, 2002, letter denied Scott permission to assist Jackson with his "planned lawsuit," as RentWay was unaware that Jackson had already filed the complaint. The court does not believe that plaintiff's arguments with regard to this instance of alleged fraud affect any part of the court's Order. Moreover, the court believes that such issues were addressed in the contempt hearings held in the Missouri court action—the appropriate forum to address such issues.

Fourth, Scott claims that on April 29, 2002, when the Missouri court conducted the initial hearing on RentWay's contempt motion, RentWay made further misrepresentations to the Missouri court. Scott claims that on February 27, 2004, he acquired a transcript of the April 29, 2002, hearing in the Missouri court action (at which he was not present), and that the transcript contains allegedly fraudulent misrepresentations by RentWay. The court notes that, on August 20, 2002, the Missouri court held a second hearing on the contempt motion, which included presentation of evidence by both Scott and RentWay. The Missouri court subsequently held Scott in contempt of court for violating its October 17, 2001 order and, on November 26, 2002, entered an order fining

Scott for the contempt. Even if the court believed that RentWay's representations to the Missouri court in April 2002 were fraudulent, Scott's failure to obtain the transcript prior to the August 20, 2002, hearing, failure to appeal any of the Missouri court's rulings, and failure to present the transcript (available to him now for over two years) prior to the court's Order bars Scott from raising this as a ground for reconsideration. As the court has noted, a Rule 60(b) motion is not the opportunity for the court to consider arguments and facts that were available for presentation in the underlying proceedings. *Nutter*, 885 F.Supp. at 1450.

Fifth, Scott claims that RentWay deceived this court into believing that the Missouri court had found Scott in contempt, when in reality it had not. However, as the court noted in its Order, the Missouri court entered an order on November 26, 2002, finding Scott in contempt of its October 17, 2001 order.

Sixth, Scott claims that, during the parties' Rule 26 discovery and case management meeting held in this case, RentWay asserted that the Missouri court entered a contempt order against Scott on April 29, 2002, the date of the initial hearing on RentWay's contempt motion. Scott claims that RentWay's assertion was false, as the court did not hold a final hearing on the contempt motion until August 2002, and did not enter the order finding him in contempt until November 26, 2002. Scott claims that RentWay's assertion during the meeting constitutes an act of intentional fraud and caused him to cease preparation of his defense to the contempt motion in the Missouri action. In fact, Scott claims that he thought there was a contempt order entered against him until August 6, 2002, at which time the Missouri court ordered him to show cause why it should not find in favor of RentWay on the contempt motion. As a result, Scott claims he had only two weeks to prepare his defense to the contempt motion, instead of three months.

 Again, the court believes that such issues, known to Scott during the Missouri court proceedings on the contempt motion, should have been raised with the Missouri court. Scott had ample opportunity to present his arguments and allegations of fraud to the Missouri court. The court finds that Scott's allegation regarding RentWay's statement during the case management meeting is not sufficient to support Scott's cause of action for fraud in this case (which notably occurred after Scott brought this action). Moreover, RentWay's assertion during the meeting in no way affected the court's examination of and ruling on the parties' summary judgment motions in the Order. The court made its ruling long after the two hearings on the contempt motion in the Missouri action, and long after the Missouri court entered the November 26, 2002 contempt order against Scott.

Seventh, Scott claims that his fraud claim arises from RentWay "surreptitiously holding on to a claim that it definitively knew it had available to them"—namely the breach of contract action it filed in Missouri court after Scott's first federal lawsuit was dismissed. The court believes it addressed Scott's arguments with regard to this issue in its Order, and specifically noted that, because RentWay succeeded on its motion to dismiss Scott's first federal lawsuit prior to filing any responsive pleading to the complaint, RentWay was not compelled to raise any counterclaims or affirmative defenses during the first federal lawsuit. Moreover, the court is not, as Scott claims, unfairly applying the Federal Rules of Civil Procedure, nor is the court holding Scott and RentWay to disparate procedural obligations and expectations. The court thoroughly explained the application of the applicable rules of civil procedure to both Scott's and RentWay's claims in its Order and does not believe a second analysis is warranted.

In sum, the court finds that Scott has not satisfied any of the grounds for reconsideration under Rule 60(b).

**IT IS THEREFORE ORDERED** that Scott's Motion for Reconsideration (Doc. 72) is denied.