959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James MAHAN, also known as "Dog," Defendant-Appellant.
 No. 91-5054.
 United States Court of Appeals, Tenth Circuit.
 March 31, 1992.
 
 Before LOGAN and EBEL, Circuit Judges, and CARRIGAN, District Judge.*
 ORDER AND JUDGMENT**
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant James Mahan was convicted following a jury trial on one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. On appeal, defendant contends that (1) the trial court erred in relying on incorrect information in the presentence report to enhance defendant's sentence for (a) possession of a firearm during commission of an offense involving drugs, (b) obstruction of justice, and (c) being an organizer-leader; (2) there was insufficient evidence to support the conviction; and (3) law enforcement officials violated defendant's procedural due process rights by referring his case for federal rather than state prosecution.
 
 
 3
 Defendant was involved in a scheme to rob a drug courier of a kilo of cocaine. Apparently the courier was carrying cocaine to defendant. Defendant and another decided to stage a police seizure of the cocaine so that they could keep that cocaine and also receive a replacement kilo from the supplier. Thus, defendant would receive two kilos of cocaine for the price of one. Two other coconspirators posed as police officers and robbed the courier of the cocaine, but the police apprehended them immediately after the robbery.
 
 
 4
 * Defendant first argues that the two level enhancement for possession of a firearm during an offense involving drugs under U.S.S.G. § 2D1.1(b)(1) was erroneous because he was not present at the robbery. At the time of sentencing § 2D1.1(b)(1) provided that "[i]f a dangerous weapon (including a firearm) was possessed during commission of the offense, increase by 2 levels." Id. (Nov. 1990). A coconspirator possessed a firearm during the robbery of the cocaine. Although defendant was not present during the actual commission of the robbery, there was direct testimony that a coconspirator handed defendant the gun and that defendant handed it to codefendant Andre Farrow to use in the robbery. Defendant's act of providing the gun in preparation for the robbery was relevant conduct for which he is accountable. See U.S.S.G. § 1B1.3(a)(1) & comment. (n. 1). The firearm enhancement was not clearly erroneous.
 
 
 5
 Defendant next asserts that the two level enhancement for obstruction of justice under U.S.S.G. § 3C1.1 was erroneous. Examples of conduct to which § 3C1.1 applies include "unlawfully influencing a co-defendant." See U.S.S.G. § 3C1.1 comment. (n. 3(a)). Codefendant Farrow stated in a signed statement that while he was in jail, defendant promised to him help, including cash, if Farrow would stick to the story that codefendant Wilson was "the man in charge." See Appellant's Brief--Attachments, Attachment C. A note defendant gave to Farrow tended to corroborate this evidence. Id. The evidence thus supports the obstruction of justice enhancement.
 
 
 6
 Defendant also contends that the enhancement for defendant's role as a supervisor of criminal activity under U.S.S.G. § 3B1.1(c) was clearly erroneous. This section provides for a two level enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than [criminal activity involving five or more participants or that was otherwise extensive]." § 3B1.1(c).
 
 
 7
 The government presented the direct testimony of a codefendant that defendant recruited him into the conspiracy, and that defendant was an organizer of the conspiracy. Thus, the enhancement is not clearly erroneous.
 
 II
 
 8
 Defendant next argues that the government failed to present sufficient evidence to support the jury's finding that defendant committed the conspiracy offense. Conspiracy requires that the government show "(1) the existence of a conspiracy (either express or understood); (2) the defendant knew the essential objectives of the conspiracy; and (3) the defendant knowingly and voluntarily participated in the conspiracy." United States v. Young, No. 91-1030, slip op. at 9-10 (10th Cir. Jan. 21, 1992).
 
 
 9
 The government presented testimony of a codefendant that defendant recruited him for the conspiracy, and that when the robbery was called off on the first attempt defendant reauthorized it. The evidence shows that defendant was a cocaine dealer and intended to pay others to rob a drug courier to obtain a large amount of cocaine. The record evidence is sufficient for the jury to find defendant committed the offense of conspiracy to possess with intent to distribute a controlled substance.
 
 III
 
 10
 Finally, defendant argues that law enforcement officials violated his due process rights when they referred his case for federal rather than state prosecution, thereby subjecting defendant to a much higher sentence upon conviction. We recently rejected this argument in a situation similar to that before us now. See United States v. Andersen, 940 F.2d 593 (10th Cir.1991) (rejecting claim that referral of case to federal prosecutor by strike force, in absence of written guidelines or policy for such referrals, violated defendant's due process rights). Andersen controls the instant case.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3