F I L E D
United States Court of Appeals
Tenth Circuit

JUL 29 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JAMES MAHAN,

  Defendant-Appellant.

No. 98-5161
(D.C. No. 97-CV-402-E)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**  *

---

Before **BRORBY** , **EBEL** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant James Mahan seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. Because he has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2), we deny Mahan's request for a certificate of appealability (COA) and dismiss the appeal.

Mahan was convicted in 1991 of one count of conspiracy to possess with intent to distribute a controlled substance (cocaine base) in violation of 21 U.S.C. § 846 and sentenced to 360 months' imprisonment. On direct appeal, he claimed the trial court relied on incorrect information in the presentence report to enhance his sentence under U.S.S.G. § 3C1.1 for obstruction of justice, under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during the commission of a drug offense, and under U.S.S.G. § 3B1.1(c) for his role as an organizer-leader. He also claimed there was insufficient evidence to support the conviction and that his procedural due process rights were violated because the case was referred for federal, rather than state, prosecution. We upheld his conviction and sentence in all respects. See United States v. Mahan, No. 91-5054, 1992 WL 64888, **1-2 (10th Cir. March 31, 1992).

In April of 1997, Mahan filed this motion to vacate sentence, claiming he was denied effective assistance of counsel because counsel failed to investigate the circumstances regarding the objective of the conspiracy. He argued that *his*

-2-

objective "'was to have twice as much cocaine to distribute,'" see R. Doc. 31 at 10 (quoting government's appeal brief at 16), but that the objective of the other participants was simply to commit a robbery to make some money. See id. He also contended that the enhanced punishment for cocaine base is unconstitutional because powder cocaine and cocaine base (or crack) are the same. See id. at 10-14. Lastly, he argued that he was entitled to an evidentiary hearing. See id. at 14-15.

The district court denied the § 2255 motion, see R. Doc. 36 at 5, as well as defendant's subsequent application for a COA, see R. Doc. 39 at 2. The court evaluated the claimed ineffective assistance of counsel claim under the test set forth in Strickland v. Washington, 466 U.S. 668, 687-97 (1984) (asking whether attorney's performance is reasonably effective and whether defendant's defense was prejudiced thereby) and determined that counsel's failure to argue that there was no meeting of the minds as to the true objective of the conspirators did not fall below the required objective standard of reasonableness, particularly in view of the defense strategy (denying any involvement in the alleged conspiracy) and the testimony of one of the robbery participants that the purpose of the robbery was so defendant "could get his cocaine and then maybe get some more for free"

because the original drug shipment was supposedly taken by the police.[1] Trial Tr. p. 50. The court determined that defendant had failed to demonstrate prejudice by the alleged error of defense counsel "to make the exact argument defendant outlines." See R. Doc. 36 at 2-4.

The court further concluded that defendant's argument that the sentence enhancement for crack cocaine or cocaine base is unconstitutional was foreclosed by this court's decisions in United States v. Thurmond, 7 F.3d 947, 953 (10th Cir. 1993) and United States v. Turner, 928 F.2d 956, 960 (10th Cir. 1991). See R. Doc. 36 at 4-5.

On appeal defendant claims that the trial court failed to consider his argument that cocaine base and cocaine powder are one controlled substance under 21 U.S.C. § 812 in two different forms, but instead determined that 21 U.S.C. § 841 is not unconstitutional. He claims he was denied the effective assistance of counsel because his attorney did not argue that "21 U.S.C. § 812 does not authorize an enhanced penalty for different forms of cocaine, i.e., 'powder cocaine' and 'cocaine base. . . .'" Appellant's Br. at 11(d). As the district court correctly held, this argument is answered by our decision in Thurmond, 7 F.3d at 953 ("Finally, cocaine base is simply a different drug than

---

[1] The "police" were in fact the would-be robbers with fake uniforms and identification, who were apprehended, with the cocaine, shortly after taking it from the drug courier.

-4-

cocaine power, with a different chemical composition [citing United States v. Easter, 981 F.2d 1549, 1558 (10th Cir. 1992)]; as a result, Congress can justifiably provide for different penalties for each."); see also United States v. Turner, 928 F.2d at 960 ("[T]he different penalties for cocaine base and cocaine in its other forms do not violate due process."). Moreover, the case on which defendant relies, United States v. Davis, 864 F. Supp. 1303 (N.D. Ga. 1994), is simply not the law of this circuit. See United States v. Johnson, 934 F. Supp. 383, 386-87 (D. Kan. 1996) (recognizing that in Turner, the Tenth Circuit "has essentially rejected similar challenges to the one accepted by the court in Davis."). We have also upheld the validity of 21 U.S.C. § 812, see United States v. Barron, 594 F.2d 1345, 1352-53 (10th Cir. 1979), but in any event, § 812 is a classification statute, not a penalty provision.

Defendant also reargues his claim that he was denied the effective assistance of counsel because "based on the testimonies of the witnesses at trial, no reasonable minded jury could have found him guilty of conspiracy to distribute drugs," but rather only conspiracy to commit a robbery. Appellant's Br. at 12(d). This argument is plainly without merit. Defendant has failed to demonstrate that his attorney's performance fell below the objective standard of reasonableness required under Strickland v. Washington, 466 U.S. at 694 or "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of

the proceeding would have been different." See id. That a threshold purpose of the cooperating witnesses may have been to rob the drug courier of the cocaine in no way undermines the charge of conspiracy to possess with intent to distribute the drug. Rather, the robbery was simply the manner and means employed by the participants to effect the object and purpose of the conspiracy, which was to obtain drugs for subsequent distribution.

Counsel's trial strategy in this case was predicated on Mahan's claim that his only involvement with the other participants was his presence on two occasions when the robbery was planned and discussed. Contrary to Mahan's assertions, counsel did argue that there was no meeting of the minds between Mahan and the cooperating witnesses; moreover, Mahan himself testified that he never entered into any discussions regarding the robbery.

We have reviewed the record in its entirety and are persuaded that counsel's performance was fully within the objective standard of reasonableness required under Strickland .

Accordingly, because we conclude that Mahan has not made a substantial showing of the denial of a constitutional right, we DENY his application for a certificate of appealability and DISMISS his appeal.

Entered for the Court


Mary Beck Briscoe
Circuit Judge