FILED
United States Court of Appeals
Tenth Circuit

December 15, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES EDWARD MAHAN,

    Defendant - Appellant.

No. 08-5049
(D.C. No. 4:90-CR-00131-GKF-2)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.[**]

---

Defendant-Appellant James Edward Mahan appeals from the district court's

denial, in part, of his motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Amendment 706

generally adjusted downward by two levels the base offense level applicable to

crack cocaine offenses. United States v. Sharkey, 543 F.3d 1236, 1237 (10th Cir.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

2008). We affirm.

By way of background, Mr. Mahan was convicted by a jury of conspiracy to possess with intent to distribute approximately one kilogram of cocaine base (crack) pursuant to 21 U.S.C. § 846. In 1991, he was sentenced to 360 months' imprisonment and five years' supervised release. I R. Doc. 23 at 2-3. In arriving at the sentence, the district court utilized a base offense level of 36 given the drug quantity involved, and enhanced six levels based upon two-level enhancements for the use of a firearm, for being an organizer, and for obstructing justice. U.S.S.G. § 2D1.1(c)(2); II R. (PSR) at 5; Doc. 23 at 4. This resulted in a total offense level of 42, with a criminal history category of I. Doc. 23 at 4. Mr. Mahan appealed his sentence and this court affirmed. United States v. Mahan, No. 91-5054, 1992 WL 64888 (10th Cir. Mar. 31, 1992) (unpublished). He then sought relief pursuant to 28 U.S.C. § 2255; the district court denied relief, and we denied a certificate of appealability. United States v. Mahan, No. 98-5161, 1999 WL 558396 (10th Cir. July 29, 1999) (unpublished).

On February 7, 2008, Mr. Mahan, appearing pro se, filed a motion to modify his sentence under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 706 of the Sentencing Guidelines. I R. Doc. 48. Mr. Mahan asked the district court to sentence him based upon an offense level of 34, without any enhancements. Id. at 2-3. He further requested that the court take into account his accomplishments while in prison, and also vary below any guideline sentence based upon the

disparity between powder and crack cocaine sentences, relying upon <u>Kimbrough v. United States</u>, 128 S. Ct. 558 (2007).[1] <u>Id.</u> at 4-6. The district court appointed counsel, and ordered supplemental briefing. Appointed counsel argued that the total offense level should be reduced two levels (to 40). Counsel further argued that because Amendment 706 was only a partial remedy, the district court should exercise its <u>Kimbrough</u> discretion, reduce the total offense level by another two levels (apparently to 38), and then sentence Mr. Mahan to time served. I R. Doc. 53 at 4-5. Relying upon the briefs submitted, and without a hearing, the district court on March 17, 2008, granted a two level reduction pursuant to Amendment 706, and modified the sentence to 292 months, the statutory minimum for an offense level of 40. I R. Doc. 55. In its brief order, the district court declined to modify the sentence beyond the two-level reduction. <u>Id.</u> This court has jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mr. Mahan argues that the district court's resolution of his motion was procedurally unreasonable because his request for a variance beyond the two-level reduction was denied without an explanation. The government argues that we may only review for plain error, because Mr. Mahan did not object to the

---

[1] Mr. Mahan relies on <u>United States v. Hicks</u>, 472 F.3d 1167, 1170-71 (9th Cir. 2007), to suggest that a district court, when entertaining a resentencing request under § 3582(c)(2), has the discretion to further vary downward beyond the two-level reduction. We have twice rejected the <u>Hicks</u> case and its reasoning. <u>United States v. Rhodes</u>, No. 08-2111, slip op. at 13-14 (10th Cir. Dec. 5, 2008); <u>United States v. Pedraza</u>, No. 08-2062, slip op. at 8-9 (10th Cir. 2008).

procedure the district court utilized. <u>See</u> <u>United States v. Romero</u>, 491 F.3d 1173, 1177 (2007). Plainly, the district court had a motion before it and, having had his arguments rejected on the merits, Mr. Mahan was not required to object again. We need not remand for a fuller explanation of the district court's decision, however. In <u>United States v. Rhodes</u>, we held that proceedings under § 3582(c)(2) are not de novo resentencings, rather the district court is only empowered to resentence based upon an amended guideline range, leaving other sentencing factors unaffected. No. 08-2111, slip op. at 11-15 (10th Cir. 2008) (analyzing the current revisions to § 1B1.10(b)(1) effective March 3, 2008); Accordingly, Mr. Mahan's arguments that the district court should sentence without the enhancements, or based upon <u>Kimbrough</u>, must be rejected.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge