**Keith REYNOLDS EL, Plaintiff,**

v.

**Stephen J. HUSK, Defendant.**

**No. CIV.A. 00–2837(RBW).**

United States District Court, District of Columbia.

Aug. 28, 2002.

Keith O. Reynolds-El, Pollock, La, pro se.

Edward Alkalay, U.S. Attorney's Office, Washington, DC, for defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

#### I.

■ In this action that has been filed *pro se*, plaintiff, a District of Columbia prisoner currently confined at the United States Penitentiary in Pollock, Louisiana, sues Stephen J. Husk, an examiner for the United States Parole Commission. In what is essentially a challenge to parole proceedings, plaintiff alleges that Husk "was wrongfully negligent in denying plaintiff parole" following his initial parole hearing on August 28, 1999, and claims that Husk violated his rights under the due process and equal protection clauses of the Constitution. Complaint at 1. Specifically, plaintiff alleges that Husk erroneously relied on his prior convictions that are more than ten years old and overlooked "important information" he offered at the hearing. Complaint at 1–2. Plaintiff seeks $835,000 in damages and a new parole hearing or release to supervised parole.[1] *Id* at 7.

■ Defendant moves to dismiss the complaint under Fed.R.Civ.P. 12(b) on grounds of absolute or qualified immunity, improper service of process, lack of per-

---

1. Plaintiff invokes 42 U.S.C. § 1983 as the basis for federal jurisdiction but that statute applies to state actors only. Actions alleging constitutional violations by federal officials are properly brought under *Bivens v. Un-* *known Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The Court therefore construes the complaint against Husk as a *Bivens* action.

sonal jurisdiction and failure to state a claim upon which relief can be granted. In addition, to the extent he is being sued in his official capacity, defendant moves to dismiss the complaint against the United States on sovereign immunity grounds.[2] The Court will dismiss the complaint against Husk on immunity grounds and finds that it lacks subject matter jurisdiction over plaintiff's damages claim against the United States and therefore will not reach the question of sovereign immunity.

## II.

■ Plaintiff challenges Husk's "faulty decision in determining plaintiff's case." Complaint at 4. Although the United States Court of Appeals for the District of Columbia Circuit has not decided the immunity question presented here, "[m]ost federal courts ... have consistently held that parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole" because the board's functions are "closely analogous to the adjudicated functions of a judge, or [ ] intimately associated with the judicial process itself." *Walrath v. United States*, 35 F.3d 277, 281 (7th Cir.1994) (collecting cases from the First, Fifth, Seventh, Eighth and Ninth circuits) (other citations and internal quotation marks omitted); *see also Montero v. Travis*, 171 F.3d 757, 761 (2nd Cir.1999) (collecting cases additionally from the Tenth and Eleventh circuits) ("we join our sister circuits and hold directly that parole board officials, like judges, are entitled to absolute immunity from suit for

damages when they serve a quasi-adjudicative function in deciding whether to grant, deny or revoke parole."). The Court discerns no reason to depart from the holdings of every circuit that has addressed the issue and therefore concludes that Husk is entitled to absolute immunity.

■ To the extent the complaint may be construed as a suit for damages against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680 (1994), the Court finds that it lacks subject matter jurisdiction over that claim. A tort claim against the United States for money damages must be "first presented ... to the appropriate Federal agency." 28 U.S.C. § 2675(a).[3] The exhaustion of administrative remedies is a jurisdictional prerequisite to filing a lawsuit in federal court. *See GAF Corp. v. United States*, 818 F.2d 901, 917–20 (D.C.Cir.1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C.Cir.1984). Plaintiff has not alleged that he exhausted administrative remedies available to him and the record does not support a finding that he has done so. Therefore, the FTCA claim must be dismissed.

■ Plaintiff also seeks injunctive relief in the form of a new parole hearing or his release to supervised release. His remedy lies, if at all, in a writ of *habeas corpus* under 28 U.S.C. § 2241 (1994). *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus is the exclusive remedy for challenges to

**2.** A lawsuit brought against a federal official in his official capacity is deemed to be against the United States. *Mason v. Judges of U.S. Court of Appeals for District of Columbia Circuit in Regular Active Service Acting in Their Official Capacities*, 952 F.2d 423, 425 (D.C.Cir.1991).

**3.** The statute states in relevant part:

An action shall not be instituted upon a claim against the United States for money

damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

the fact or duration of one's confinement); *accord Chatman–Bey v. Thornburgh,* 864 F.2d 804, 806–9, 813–14 (D.C.Cir.1988); *Razzoli v. Federal Bureau of Prisons,* 230 F.3d 371, 376 (D.C.Cir.2000) (confirming continued vitality of *Chatman–Bey* to prisoners in federal custody). Habeas corpus claims are properly pursued against the petitioner's warden. *Blair–Bey v. Quick,* 151 F.3d 1036, 1039 (D.C.Cir.1998) (citation omitted), in the judicial district having personal jurisdiction over the warden, *Razzoli, supra,* at 376. Accordingly, the District of Columbia is not the proper federal district where plaintiff can pursue a habeas action.

For the reasons stated above, the Court grants defendant's motion to dismiss.[4]

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that defendant's motion to dismiss [# 9] is **GRANTED**; it is

**FURTHER ORDERED** that all other pending motions are **DENIED**; and it is

**FURTHER ORDERED** that this case is **DISMISSED**. This is a final appealable Order.

---

**4.** A separate Order of dismissal accompanies this Memorandum Opinion.